## Scott v. State.

[66 South. 973.]

CRIMINAL LAW. *Evidence. Trailing by bloodhounds.*

     In a trial for burglary where the only evidence against the defendant upon which a verdict of conviction could be based, was the alleged testimony of bloodhounds, and there is nothing to show that the bloodhounds were started on the track of defendant at the scene of the crime and nothing to show that defendant was connected with the burglary except the testimony of the hounds, a peremptory instruction for the defendant should have been given.

APPEAL from the circuit court of Madison county. HON. W. A HENRY, Judge. York Scott was convicted of burglary and appeals. The facts are fully stated in the opinion of the court.

*A. K. Foot,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney-General for the state.

COOK, J., delivered the opinion of the court.

Appellant was convicted of burglary, and appeals. The only evidence in the record upon which a verdict of conviction could be based is the alleged testimony of bloodhounds. There is nothing to show that the bloodhounds were started on the track of defendant at the scene of the crime. There is nothing in the record to show that defendant was connected with the burglary, except the testimony of the hounds, if what they did can be called evidence. In fact, according to previous decision of this court, the trial court should have directed a verdict of not guilty. *Carter* v. *State,* 64 So. 215, 50 L. R. A. (N. S.) 1112.

.  .                              *Reversed and judgment here.*